CIVIL NO. 09-3600 (PAM/AJB)

HOLLIS J. LARSON,

PLAINTIFF,

V.

WENDY GOODMAN, RICHARD SPICER, THOMAS
BIBUS, KEVIN MARK, D. (OR S.) KULL(E),          **REPORT AND RECOMMENDATION**
STEPHEN BETCHER, YVONNE BLACK, ERIN
KUESTER, LORI SWANSON, TIBOR GALLO,
WILLIAM HUTTON, BRIAN ROUSSELL, PETE
BADKER, JOSH STEHR, THOMAS WOLNER,
DOUGLAS BAYLEY, sued in their individual
capacities, COUNTY OF GOODHUE, MINNESOTA,

DEFENDANTS.

---

Hollis J. Larson, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se);

Wendy Goodman, 107 Fourth Street South, Apartment 4, Raymond MN 56282 (pro se
Defendant);

Matthew C. Rockne, Rockne Law Office, P.O. Box 7, Zumbrota MN 55992 (for Defendant Scott
Goodman);

John S. Garry, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, Saint
Paul, MN 55101-2128 (for Defendants Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne
Black, Lori Swanson, Tibor Gallo, Douglas Bayley);

Roger L. Rowlette, Johnson & Lindberg, PA, 7900 International Drive, Suite 960, Minneapolis
MN 55425-1582 (for Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker,
Josh Stehr, Thomas Wolner, and County of Goodhue).

---

## I.    INTRODUCTION

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Plaintiff's Motion

for Temporary Stay of Proceedings or for Extension of Time to File Response/Reply [Docket

No. 20]; Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, and Douglas Bayley's Motion to Dismiss [Docket No. 16]; Plaintiff's Notice of Motion and Motion for Partial Summary Judgment [Docket No. 28]; and Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, and Douglas Bayley's Motion to Dismiss [Docket No. 31]. These actions have been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b).

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Temporary Stay of Proceedings or for Extension of Time in Which to Respond to "State Defendants" Motion to Dismiss and Motion for Injunctive Relief Against Minnesota Sex Offender Program (MSOP) Employees [Docket No. 20] be **DENIED**;

2. Defendants Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, and Douglas Bayley's first Motion to Dismiss [Docket No. 16] be **GRANTED**;

3. Plaintiff's Notice of Motion and Motion for Partial Summary Judgment as to Wendy Goodman [Docket No. 28] be **DENIED**;

4. Defendants Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, and Douglas Bayley's second Motion to Dismiss [Docket No. 31] be **DENIED AS MOOT**; and

5. This Court recommends that the follow claims be **DISMISSED WITH PREJUDICE**: (1) all claims against Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, Douglas Bayley, Wendy Goodman, Scott Goodman, Erin Kuester, and Stephen Betcher; (2) all claims against all

Defendants arising out of 42 U.S.C. §§ 1985 and 1986; and (3) all claims against all Defendants for declaratory relief.

## II.    BACKGROUND

### 1. Plaintiff's Court History

Plaintiff Hollis J. Larson presumes that the readers of his Amended Complaint are intimately aware of his history with the criminal justice system. A brief contextual background is warranted because Plaintiff's Amended Complaint does not provide the necessary context to appreciate all of his legal arguments and theories.

In the early 1990s Larson was charged in multiple counties with violations of Minnesota state law. *See generally* State v. Larson, No. C8-93-179, 1993 WL 412998 (Minn. App. Oct. 19, 1993), *rev. denied* (Minn. Dec. 14, 1993); *State v. Larson*, 520 N.W.2d 456, 462 (Minn. App. 1994), *rev. denied* (Oct. 14, 1994); *Larson v. State*, No. C1-96-2418, 1997 WL 309364 (Minn. App. June 10, 1997), *rev. denied* (Minn. Aug. 5, 1997). Plaintiff was ultimately convicted on criminal sexual conduct charges and sentenced to an extended period of incarceration in Minnesota. Plaintiff was scheduled for release from prison on February 5, 2008. *In re Civil Commitment of Larson*, Nos. A08-1188, A08-1486, 2009 WL 1049171, at *1 (Minn. App. Apr. 21, 2009), *rev. denied* (Minn. June 30, 2009). In January 2008, Plaintiff was charged with making terroristic threats in a letter that he sent from prison to his sister. *Id.* at *2; *see also State v. Larson*, No. A08-1444, 2009 WL 2925658 (Minn. App. Sept. 15, 2009). On February 1, 2008, Goodhue County filed a petition to civilly commit Plaintiff. *In re Larson*, 2009 WL 1049171, at *1. "The district court ordered Larson committed . . . on May 22, 2008." *Id.* at *2. Plaintiff was also convicted of terroristic threats against his sister, but the decision of the jury in that case was abdicated by the Minnesota Court of Appeals. *Larson*, 2009 WL 2925658, at *4. Plaintiff's claims in the present case represent a unique interplay of all of these cases.

### 2. Factual Allegation and Claims

Plaintiff has filed three Complaints in the present matter. The first Amended Complaint [Docket No. 25] is the operative Complaint in this action.[1]

Plaintiff brought suit against each Defendant in his or her individual capacity and alleges that all of the Defendants were either state employees or acted in concert with state employees to deprive Plaintiff of his constitutional rights. (Am. Compl. at § III.B ¶ 19, Jan. 10, 2010.) Plaintiff brings claims against the following individuals[2]: Wendy Goodman and Scott Goodman are private persons who "wrongfully procure[d] the institution of the prosecution against [P]laintiff for terroristic threats" (*id.* at § III.B. ¶¶ 1-2); Richard Spicer, Kevin Mark, and Thomas Bibus are State of Minnesota District Court Judges (*id.* at § III.B. ¶¶ 3-5); Stephen Betcher is a "Prosecuting Attorney" in Goodhue County, Minnesota (*id.* at § III.B. ¶ 7); Erin Kuester is an "Assistant Goodhue County Attorney" (*id.* at § III.B. ¶ 9); Yvonne Black is a Goodhue County District Court Administrator (*id.* at § III.B. ¶ 8); Lori Swanson is the Attorney General for the State of Minnesota (*id.* at § III.B. ¶ 10); Tibor Gallo is a "MN Assistant Attorney General" (*id.* at § III.B. ¶ 11); Brian Roussel is a Goodhue County Sheriff's Deputy (*id.* at § III.B. ¶ 13); Pete Badker is a Goodhue County Sheriff's Deputy (*id.* at § III.B. ¶ 14); Josh Stehr and Thomas Wolner are Goodhue County Sheriff's Deputies (*id.* at § III.B. ¶¶ 15-16); Douglas Bayley is a

---

[1] Plaintiff filed his Complaint on December 16, 2010. [Docket No. 1.] Prior to the time at which a summons was issued, Plaintiff filed his Amended Complaint on January 12, 2010. [Docket No. 5.] The Amended Complaint was served with the summons. While the First Amended Complaint is operative in this matter, this Court has reviewed the Second Amended Complaint and there is little substantive difference between the two complaints. Therefore, this Court's recommendation could readily be applied to the Second Amended Complaint as well.

[2] Plaintiff named William Hutton and D. (or S.) Kull(e) as Defendants in his Amended Complaint. This Report and Recommendation does not address any claims against these individuals because they have not been served with a summons in this matter.

Goodhue County Public Defender. (*Id.* at § III.B. ¶ 17.) Plaintiff also brings claims against Goodhue County, Minnesota.

Plaintiff further alleges the following facts: Plaintiff was serving a prison sentence that was to be complete on February 5, 2008. (Am. Compl. at § IV ¶ 2.) On December 31, 2008, he was served with a copy of a criminal complaint, charging Plaintiff with committing the crime of terroristic threats in Goodhue County. (*Id.* at § IV ¶ 3.); *see State v. Larson*, Goodhue County Case No. 25-CR-08-80 (Jan. 3, 2008). The criminal complaint was based upon a letter that Plaintiff sent to Wendy Goodman. Plaintiff contends that the Goodmans conspired to and did make false statements to Defendants Roussell, Badker Stehr, Wolner, Betcher, S. Tulle, Black, and Kuester, who instigated the criminal proceedings against Plaintiff. (*Id.* at § IV ¶ 6.) Defendants Roussell, Badker Stehr, Wolner, Betcher, S. Tulle, Black, and Kuester conspired amongst themselves and presented Wendy Goodman's statements to the Goodhue County District Court in support of a request for an arrest warrant for Plaintiff. (*Id.* at § IV ¶ 12.) Defendant Judges Bibus and Mark issued an arrest warrant for Plaintiff. (*Id.* at § IV ¶ 14.) Defendant Bayley was appointed as Plaintiff's public defender. (*Id.* at § IV ¶ 32.) Plaintiff was tried and Wendy Goodman testified at the trial that Plaintiff threatened in his letter to kill her. Defendants Betcher and Kuester were involved in the prosecution of Plaintiff. Plaintiff was convicted of terroristic threats and Defendant Judge Spicer sentenced Plaintiff to 29 months in prison. (*Id.* at § IV ¶ 23.) Plaintiff appealed his conviction to the Minnesota Court of Appeals. (*Id.* at § IV ¶ 35.) The Minnesota Attorney General's Office, through Lori Swanson and Tibor Gallo, represented the state on appeal. (*Id.* at § IV ¶¶ 42-43.) Plaintiff contends that all of the Defendants conspired to deprive Plaintiff of his rights and alleges that part of the motive for their actions was to retain jurisdiction over Plaintiff for the civil commitment proceeding. (*Id.* at § IV ¶ 20.)

The Amended Complaint does not contain separate counts, which makes Plaintiff's claims difficult to particularize. Nonetheless, this Court recognizes the following claims and no other causes of action:

| CAUSE OF ACTION | DEFENDANTS |
|---|---|
| 1    Malicious Prosecution | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Defendants Black, Erin Kuester, Kevin Mark, Thomas Bibus, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 2    Defamation | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 3    Misrepresentation | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Douglas Bayley, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 4    Abuse of Process | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Douglas Bayley, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 5    False Imprisonment | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Richard Spicer, Wendy Goodman, Scott Goodman, and Goodhue County |
| 6    Intentional Infliction of Severe Distress | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, |

| | | |
|---|---|---|
| | | Douglas Bayley, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 8 | Violation of First Amendment right to freedom of expression | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Richard Spicer, Wendy Goodman, Scott Goodman, and Goodhue County |
| 9 | Violation of Plaintiff's 4th Amendment right against unlawful seizure of Plaintiff's person without probable cause or due process of law | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Richard Spicer, Wendy Goodman, Scott Goodman, and Goodhue County |
| 10 | Violation of Plaintiff's Fifth and Fourteenth Amendment right to due process | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Douglas Bayley, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 11 | Violation of Plaintiff's Fifth and Fourteenth Amendment right to equal protection | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Douglas Bayley, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 12 | Violation of Plaintiff's Eighth Amendment Right to be Free from Cruel and Unusual Punishment | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Stephen Betcher, Yvonne Black, Erin Kuester, Kevin Mark, Thomas Bibus, Douglas Bayley, Richard Spicer, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 13 | Negligence | Defendants Stephen Betcher, Richard Spicer, Yvonne Black, Erin Kuester, Wendy Goodman, Scott Goodman, Goodhue County, Lori Swanson, and Tibor Gallo |
| 14 | Libel | Defendants Stephen Betcher, Richard Spicer, Yvonne Black, and Erin Kuester |
| 15 | Fraud | Defendants Stephen Betcher, Richard Spicer, Yvonne Black, Erin Kuester, and Douglas Bayley |

| 16 | Filing false documents with the Court | Defendants Stephen Betcher, Richard Spicer, Yvonne Black, and Erin Kuester |

### 3. Procedural Posture

Plaintiff filed his Complaint on December 16, 2009. [Docket No. 1.] Plaintiff filed his Amended Complaint on January 12, 2010. [Docket No. 5.] On April 29, 2010, Douglas Bayley, Thomas Bibus, Yvonne Black, Tibor Gallo, Kevin Mark, Richard Spicer, and Lori Swanson (hereinafter "State Defendants") filed a Motion to Dismiss the Amended Complaint. [Docket No. 16.] On July 6, 2010, Plaintiff filed a Second Amended Complaint [Docket No. 26.] On July 7, 2010, Plaintiff filed a Motion for Partial Summary Judgment with respect to Wendy Goodman. [Docket No. 28] On July 12, 2010, the State Defendants filed a Motion to Dismiss Second Amended Complaint. [Docket No. 31.] On August, 2010, Plaintiff filed a Motion for Partial Summary Judgment with respect to Thomas Wolner. [Docket No. 33.]

This Court is issuing an Order in conjunction with the present Report and Recommendation, which addresses other motions that Plaintiff has brought to date.

## III.    PLAINTIFF'S MOTION FOR TEMPORARY STAY [DOCKET NO. 20]

Plaintiff moved this Court "to temporarily stay the proceedings in this action or grant a more than reasonable extension of time for plaintiff to respond to defendant's motion to dismiss and issue an injunction against all MSOP employees." This Court recommends that Plaintiff's Motion be denied for the following reasons. First, Plaintiff's Motion to Stay is moot because Plaintiff has responded to Defendant's motions to dismiss.  (*See Pl.'s Mem. in* Opposition, June 4, 2010; *Pl.'s Mem. in Opposition*, July 19, 2010). Second, the Federal Rules of Civil Procedure do not permit this Court to grant "more than reasonable" extensions of time. Third, this Court lacks jurisdiction over "all" Minnesota Sex Offender Program employees because they are not parties to the present action.

## IV.     STATE DEFENDANT'S MOTIONS TO DISMISS [DOCKET NOS. 16 and 31]

State Defendants have filed two motions to dismiss. The second Motion to Dismiss is directed at the Second Amended Complaint, but does not expand on State Defendant's initial motion to dismiss. For the reasons set forth herein, this Court recommends that State Defendants' Motion to Dismiss Second Amended Complaint be denied as moot; this Court recommends that Plaintiff's claims against State Defendants be dismissed with prejudice; this Court recommends that all of Plaintiff's claims premised upon 42 U.S.C. §§ 1985 and 1986, and Plaintiff's request for declaratory relief be dismissed with prejudice; and this Court recommends that all of Plaintiff's claims against Defendants Erin Kuester and Stephen Betcher be dismissed with prejudice.

### 1.  Plaintiff's Claims.

Plaintiff's claims can be grouped into three categories: state law claims, section 1983 claims, and sections 1985 and 1986 claims.  Plaintiff's claims of negligence, libel, fraud, malicious prosecution, defamation, misrepresentation, abuse of process, false imprisonment, and intentional infliction of emotional distress are all state law claims. Plaintiff's "conspiracy to interfere with/violate constitutional rights" claims are his §§ 1985 and 1986 claims. Plaintiff's § 1983 claims are embodied within Plaintiff's claims arising out of violations of his First Amendment right to freedom of expression, Fourth Amendment right against unlawful seizure of Plaintiff's person without probable cause or due process of law, Fifth and Fourteenth Amendment right to due process, Fifth and Fourteenth Amendment right to equal protection, and Eighth Amendment right to be free from cruel and unusual punishment.  Finally, "filing false documents with the court" does not fall within any of these categories because it is not recognized as a cause of action in either federal court or the State of Minnesota, and should be dismissed accordingly

### 2. Standard of Review

**Fed. R. Civ. P. 12.** A complaint should be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint that is challenged on a motion to dismiss does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). The court must analyze whether the plaintiff has put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959. While federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**42 U.S.C. § 1983.** "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful . . . ." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999) (quotation omitted). "Section 1983 affords a remedy for violations of rights secured by federal statutes and the federal constitution. It does not provide a remedy for any other rights violation." *Thomsen v. Ross*, 368 F. Supp.2d 961, 975 (D. Minn. 2005) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 2504 (1980)); *see also Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) (stating that "[s]ection 1983 guards and vindicates federal rights alone," which do not include violations of state laws).

### 3. **42 U.S.C. §§ 1985, 1986.**

Plaintiff states that his claims come under 42 U.S.C. §§ 1985(2) and 1985(3). (Am. Compl. at pg. 1.) Section 1985(2) states in relevant part:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully . . . ; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .

42 U.S.C. § 1985(2). Section 1985(3) prohibits depriving a person of rights or privileges either "on the highway or on the premises of another." 42 U.S.C. § 1985(3).

"[T]he 'equal protection' language of the second clause of section 1985(2) requires an allegation (and proof) of class-based animus." *Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1429 (8th Cir. 1986). Likewise, section 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971). Because Plaintiff has not alleged racial or class-based animus, and because Plaintiff has not alleged how he was lawfully enforcing or attempting to enforce the rights of anyone, Plaintiff has failed to state a claim upon which relief can be granted under sections 1985(2) and 1985(3).

Plaintiff also states that his claims come under 42 U.S.C. § 1986. "A section 1986 claim must be predicated upon a valid section 1985 claim." *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004). Thus, because Plaintiff has failed to state a claim premised on section 1985, Plaintiff has failed to assert a claim upon which relief can be granted under section 1986.

Therefore, this Court recommends that Plaintiff's claims premised on 42 U.S.C. §§ 1985 and 1986 against all Defendants be dismissed with prejudice.

### 4. Immunity of State Court Judges

Judges are not liable for acts done in the exercise of their judicial authority. *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *Myers v. Price*, 463 N.W.2d 773, 775 (Minn. App. 1990), *review denied* (Minn. Feb. 4, 1991); *see also Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (stating "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability"). Richard Spicer, Kevin Mark, and Thomas Bibus are all Minnesota state district court judges. In Plaintiff's Amended Complaint, all of Plaintiff's claims against Richard Spicer, Kevin Mark, and Thomas Bibus are based upon their judicial acts. (*See, e.g.*, Am. Compl. at § IV, ¶¶ 14, 15, 22, 23). Judges review and sign warrants, review criminal complaints for probable cause, preside over hearings and trials, make findings, and render sentences following convictions by juries. These are all official judicial acts. Plaintiff's bald assertion that these judges were not acting within their judicial capacity does not negate his asserted facts as to what they did that allegedly deprived him of his rights. (*See id.* at § IV, ¶ 16.)

Likewise, Plaintiff's mere assertion that these judges lacked jurisdiction is belied by the facts described within his Amended Complaint. (Am. Compl. at § IV, ¶ 17.) Plaintiff does not dispute that he was in serving a sentence in Stillwater, Minnesota at the time that he was charged with terroristic threats, in violation of Minnesota law. (Compl. Ex. 1, Dec. 16, 2009.) Plaintiff does not dispute that he sent a letter to Wendy Goodman, who resided in Goodhue County, Minnesota. (Am. Compl. at § IV, ¶ 6; Compl. Ex. 1, Dec. 16, 2009.) Plaintiff does not dispute that he was charged in Goodhue County, prosecuted in Goodhue County, and sentenced in Goodhue County. *See State v. Larson*, Goodhue County Case No. 25-CR-08-80 (Jan. 3, 2008). Judges Spicer, Bibus, and Mark all sit in the First Judicial District, which encompasses Goodhue County. Minnesota state district courts have "original jurisdiction" in "in all cases of crime committed or triable therein." Minn. Stat. § 484.01, subd. 1(2); *see also id.* at § 627.01

(stating that a criminal case shall be tried in the county where the offense was committed). Thus, the court's had jurisdiction over Plaintiff. The facts that Plaintiff fought extradition from South Dakota to Minnesota in 1992 and does not intend to live in Minnesota are irrelevant.

Therefore, for the reasons set forth herein, Plaintiff has failed to state a claim upon which relief can be granted by virtue of the fact that Judges Richard Spicer, Kevin Mark, and Thomas Bibus enjoy immunity with respect to acts done in their judicial capacity. This Court recommends that all claims against Defendants Richard Spicer, Kevin Mark, and Thomas Bibus be dismissed with prejudice accordingly.

### 5. Immunity of State Court Administrators

Plaintiff's claims against Yvonne Black, a court administrator fail for two reasons. First, Plaintiff has not actually alleged any actions that Yvonne Black did that would support any claim for relief. Second, court administrators enjoy quasi-judicial immunity for those acts that are essentially judicial in nature. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994); *Myers Through Myers v. Price*, 463 N.W.2d 773, 775 (Minn. App. 1990). Court administrators perform actions that are essentially judicial in nature when they receive documents that individuals intend to file with the court. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (noting the filing of documents "is an integral part of the judicial process" and individuals who perform such tasks are protected by judicial immunity). Plaintiff's claims against Yvonne Black seem to be all based upon her purely administrative acts. (*See* Am. Compl. § IV, ¶ 26.) Therefore, she enjoys quasi-judicial immunity from Plaintiff's claims and Plaintiff's claims against her should be dismissed with prejudice.

### 6. Immunity of State Prosecutors

"If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996); *Brown v. Dayton Hudson Corp.*, 314 N.W.2d 210, 214 (Minn. 1981). This immunity extends to malicious prosecution and § 1983 claims. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 993 (1976). Lori Swanson is the Attorney General for the State of Minnesota. Tibor Gallo is an Assistant Attorney General. Plaintiff's claims against Lori Swanson and Tibor Gallo concern their activities of advocating on behalf of the State of Minnesota in response to Plaintiff's appeal from his conviction for terroristic threats. (Am. Compl. at § IV, ¶¶ 42-44.) Therefore, Plaintiff has failed to state a claim upon which relief can be granted because Defendants Lori Swanson and Tibor Gallo enjoy absolute immunity.

This recommendation compels this Court to also recommend that all claims against Stephen Betcher and Erin Kuester be dismissed with prejudice for failure to state a claim upon which relief can be granted. All of the acts that Plaintiff attributes to Stephen Betcher and Erin Kuester are acts done within their capacity as County Attorney and Assistant County Attorney, respectively. (*See* Am. Compl. § IV ¶¶ 15-30, 41.) Therefore, Defendants Stephen Betcher and Erin Kuester also enjoy absolute immunity.

This Court recommends that all of the claims against Defendants Lori Swanson, Tibor Gallo, Stephen Betcher and Erin Kuester be dismissed with prejudice.

### 7. Public Defender

Public defenders are not agents of the state or state actors for purposes of § 1983. *Patterson v. Von Riesen*, 999 F.2d 1235, 1238 (8th Cir. 1993) (citing *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981)). All of Plaintiff's claims against Douglas Bailey are in relation to his service as Plaintiff's public defender. (*See* 2nd Am. Compl. at § IV, ¶¶ 31-

32.)  Therefore, Plaintiff has failed to state a § 1983 claim against Douglas Bailey upon which relief can be granted.

Bayley contends that he enjoys immunity with respect Plaintiff's misrepresentation (and fraud), "intentional infliction of severe distress," and abuse-of-process claims. This Court need not reach the issue of immunity because a plaintiff must assert at least a cognizable claim before a court conducts an immunity analysis. In the present case, Plaintiff's claims against Bayley are not claims upon which relief can be granted for the following reasons. First, the misrepresentation (and fraud) claim fails to meet the pleading requirements of Fed. R. Civ. P. 9(b). Second, the alleged acts of Bayley do not correspond to, give rise to, or support claims of misrepresentation (and fraud), "intentional infliction of severe distress," and abuse-of-process. *Compare* 2nd Am. Comp. at 15 *with Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983) (describing elements of intentional infliction of emotional distress); *Jane Doe 43C v. Diocese of New Ulm*, __ N.W.2d __, __, 2010 WL 3397026, *5 (Minn. App. 2010) (describing elements of misrepresentation); *Dunham v. Roer*, 708 N.W.2d 552, 571 (Minn. App. 2006) (describing elements of abuse-of-process claim).  Thus, Plaintiff has not put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959.

Therefore, this Court recommends that all of the claims against Defendant Douglas Bailey be dismissed with prejudice.

### 8. Declaratory Relief

Plaintiff seeks declaratory relief for the alleged constitutional violations of all Defendants. (Am. Compl. § V.A. ¶¶ 1- 5.) Declaratory relief is not available where there is no alleged ongoing violation of law. *See Green v. Mansour*, 474 U.S. 64, 73, 106 S. Ct. 423, 428

(1985). There is no alleged ongoing violation of law. Therefore, this Court recommends that Plaintiff's request for declaratory relief be dismissed with prejudice.

## V. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Docket No. 28]

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits, the burden shifts to the party opposing the motion to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986).

Plaintiff's motion for summary judgment is based solely on Wendy Goodman's admissions within her Answer to Plaintiff's first Amended Complaint. [Docket No. 25.] In her Answer, Wendy Goodman denies all of Plaintiff's allegations with the exception of the fact that she admits that Thomas Wolner is an acquaintance. Plaintiff asserts that this admission warrants granting his motion for summary judgment. For the reasons set forth below, this Court concludes that Plaintiff's motion for partial summary judgment with respect to Wendy Goodman is without merit and recommends that Plaintiff's motion be denied. Furthermore, this Court recommends that summary judgment be granted in favor of the Wendy and Scott Goodman, and that the claims against them be dismissed with prejudice.

First, Plaintiff has failed to allege facts that would support any cause of action against either Wendy or Scott Goodman. Plaintiff makes allegations with respect to Wendy and Scott Goodman in § III, ¶¶ 1 and 2 and § IV, ¶¶ 6-12, 18, 21, 24, 25, and 46 of his Amended

Complaint. Generally, these allegations are nothing more than Plaintiff's unsupported legal conclusions. The only facts actually alleged by Plaintiff with respect to Wendy and Scott Goodman are that they contacted the Goodhue County Sheriff's Office to report that the Plaintiff had sent Wendy Goodman a letter, which she believed to be a threat to her life, and Wendy Goodman testified at Plaintiff's trial on his charge of terroristic threats. Plaintiff alleges that Wendy and Scott Goodman took these steps as part of conspiracy with the other Defendants to deprive Plaintiff of his constitutional rights.

Even assuming the aforementioned factual allegations are true and constitute a showing under Rule 56, Plaintiff's allegations fail to meet the requirements to prevail on a motion for summary judgment. Plaintiff's factual allegations do not establish a claim for malicious prosecution,[3] misrepresentation (or fraud),[4] intentional infliction of emotional distress,[5] negligence,[6] abuse of process,[7] or any violation of Plaintiff's constitutional rights under section 1983.[8] Furthermore, the facts presented cannot support a false imprisonment claim because there

---

[3] *Jordan v. Lamb*, 392 N.W.2d 607, 609 (Minn. App. 1986), rev. denied (Minn. Oct. 29, 1986) (stating elements of a malicious prosecution claim).

[4] Jane Doe 43C, 2010 WL 3397026, at *5.

[5] *Hubbard*, 330 N.W.2d at 438-39.

[6] *See Gilbertson v. Leininger*, 599 N.W.2d 127, 130 (Minn.1999) (stating elements of negligence); *Lundberg v. Scoggins*, 335 N.W.2d 235, 236 (Minn. 1983) (holding that a plaintiff cannot assert a claim of negligence against a person who reports a crime or testifies as a witness).

[7] *Kellar*, 568 N.W.2d at 192 (stating elements of abuse-of-process claim), *rev. denied* (Minn. Oct. 31, 1997).

[8] Individuals who report crimes and testify as witnesses are not state actors for the purpose of § 1983 claims. *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'"); *see also Van Pelt v. St. Clair*, 968 F.2d 763, 764 (8th Cir. 1992) (affirming dismissal of claims where there were no allegations that defendant was a state actor).

was probable cause to detain Plaintiff for terroristic threats.[9] *See Blaz v. Molin Concrete Prods. Co.*, 309 Minn. 382, 385, 244 N.W.2d 277, 279 (1976) (stating elements of false imprisonment).

Second, Wendy Goodman's admission that she knows Thomas Wolner does not establish any element any of Plaintiff's causes of action. "To plead conspiracy [under § 1983], a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." *Duvall v. Sharp*, 905 F.2d 1188, 1189 (8th Cir. 1990). The mere fact that Wendy Goodman knows Thomas Wolner falls far short of the pleading requirements set forth in *Duvall*, much less the factual showing required by Fed. R. Civ. P. 56. Without any evidence as to this element of Plaintiff's § 1983 claim, Plaintiff has not shown that Wendy or Scott Goodman were engaged in anything more than purely private conduct, without any compulsion by the government.

Third, this Court's analysis with respect to the State Defendants compels that this Court recognize that Wendy Goodman enjoys immunity with respect to Plaintiff's claims that arise out of her act of testifying. Witnesses "enjoy absolute immunity because they perform functions which "[are] integral parts of the judicial process." *Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 1115 (1982); *see also Malley v. Briggs*, 106 S. Ct. at 1092 (interpreting § 1983 to give absolute immunity to functions "intimately associated with the judicial phase of the criminal process").

Finally, Wendy and Scott Goodman have statutory immunity against Plaintiff's tort claims under Minnesota Statute Section 604A.34. Plaintiff has failed to present any facts to suggest that either Wendy or Scott Goodman acted "in reckless disregard of the truth" when they made their reports to the law enforcement. *Contra El-Ghazzawy v. Berthiaume*, ___ F. Supp.2d

---

[9] This determination was made by Judge Bibus and was affirmed by a jury. The Minnesota Court of Appeals decision did not negate the existence of probable cause.

___, ___, 2010 WL 1544279, at *9 (D. Minn. April 16, 2010). Therefore, Minn. Stat. § 604A.34 grants Wendy and Scott Goodman immunity as to Plaintiff's tort claims.

Thus, for the reasons set forth herein, this Court recommends that Plaintiff's claims against Defendants Wendy and Scott Goodman be dismissed with prejudice.

## VI.    DISMISSAL WITH PREJUDICE

For all of the claims for which this Court has recommended dismissal, this Court recommends that dismissal be with prejudice. Where Plaintiff's Amended Complaint fails in its ability to assert a claim upon which relief can be granted, it thoroughly succeeds in its ability to harass Defendants with what are nothing more than frivolous claims. Plaintiff has effectively had three Complaints in this case in which to assert claims upon which relief can be granted and has failed to do so for all of the claims for which this Court recommends dismissal. *See supra* note 1.

## VII.    RECOMMENDATION

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Temporary Stay of Proceedings or for Extension of Time in Which to Respond to "State Defendants" Motion to Dismiss and Motion for Injunctive Relief Against MSOP Employees [Docket No. 20] be **DENIED**.

2. Defendants Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, and Douglas Bayley's Motion to Dismiss [Docket No. 16] be **GRANTED** as follows:

   i. All claims against all Defendants premised upon 42 U.S.C. §§ 1985 and 1986, and Plaintiff's claim for declaratory relief be **DISMISSED WITH PREJUDICE**.

ii. All claims against Defendants Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, and Douglas Bayley be **DISMISSED WITH PREJUDICE**.

iii. All claims against Erin Kuester and Stephen Betcher be **DISMISSED WITH PREJUDICE**.

3. Plaintiff's Notice of Motion and Motion for Partial Summary Judgment as to Wendy Goodman [Docket No. 28] be **DENIED**; summary judgment be granted in favor of Defendants Scott and Wendy Goodman; and all claims against Defendants Scott and Wendy Goodman be **DISMISSED WITH PREJUDICE**.

4. Defendants Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, Tibor Gallo, and Douglas Bayley's second Motion to Dismiss [Docket No. 31] be **DENIED AS MOOT.**


Dated:_____9/28/10_____

    ___s/ Arthur J. Boylan_____
    Arthur J. Boylan
    Chief United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before _____October 13, 2010_____.