UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

HOLLIS J. LARSON,

        PLAINTIFF,

V.

BRIAN ROUSSELL, PETE BADKER, JOSH STEHR, THOMAS WOLNER, DEAN ALBERS, sued in their individual capacities, COUNTY OF GOODHUE, MINNESOTA,

        DEFENDANTS.

CIVIL NO. 09-3600 (PAM/AJB)

**REPORT AND RECOMMENDATION**

---

Hollis J. Larson, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se);

Roger L. Rowlette and Jason M. Hil, **JOHNSON & LINDBERG, PA**, 7900 International Drive, Suite 960, Minneapolis MN 55425-1582 (for Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and County of Goodhue).

## I. INTRODUCTION

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, and Goodhue County's Motion to Dismiss [Docket No 57] and Defendant Dean Albers' Joinder in Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, and Goodhue County's Motion to Dismiss [Docket No. 68]. These actions have been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b).

1

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that all re-alleged claims in the "Third Amended Complaint" [Docket No. 63] that were previously dismissed by Order, dated November 3, 2010, be **STRICKEN**; Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, and Goodhue County's Motion to Dismiss [Docket No. 57] be **GRANTED**; Defendant Dean Albers' Joinder in Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, and Goodhue County's Motion to Dismiss [Docket No. 68] be **GRANTED**; and all claims be **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND

### 1. Plaintiff's Court History

In the early 1990s Larson was charged in multiple counties with violations of Minnesota state law. *See generally* State v. Larson, No. C8-93-179, 1993 WL 412998 (Minn. App. Oct. 19, 1993), *rev. denied* (Minn. Dec. 14, 1993); *State v. Larson*, 520 N.W.2d 456, 462 (Minn. App. 1994), *rev. denied* (Oct. 14, 1994); *Larson v. State*, No. C1-96-2418, 1997 WL 309364 (Minn. App. June 10, 1997), *rev. denied* (Minn. Aug. 5, 1997). Plaintiff was convicted on criminal sexual conduct charges and sentenced to an extended period of incarceration in Minnesota. Plaintiff was scheduled for release from prison on February 5, 2008. *In re Civil Commitment of Larson*, Nos. A08-1188, A08-1486, 2009 WL 1049171, at *1 (Minn. App. Apr. 21, 2009), *rev. denied* (Minn. June 30, 2009). In January 2008, Plaintiff was charged with making terroristic threats in a letter that he sent from prison to his sister. *Id.* at *2; *see also State v. Larson*, No. A08-1444, 2009 WL 2925658 (Minn. App. Sept. 15, 2009). On February 1, 2008, Goodhue County filed a petition to civilly commit Plaintiff. *In re Larson*, 2009 WL 1049171, at *1. "The district court ordered Larson committed . . . on May 22, 2008." *Id.* at *2. Plaintiff was also

convicted of terroristic threats against his sister, but the decision was abdicated by the Minnesota Court of Appeals. *Larson*, 2009 WL 2925658, at *4.

### 2. Factual Allegations and Claims

Plaintiff brought suit against each Defendant in his or her individual capacity and alleges that all of the Defendants acted in concert to deprive Plaintiff of his constitutional rights. (Am. Compl. at § III.B ¶ 19, Nov. 12, 2010.) Following dispositive motion practice by other Defendants, Plaintiff maintains claims against Dean Albers, Goodhue County's Sheriff, and Brian Roussel, Pete Badker, Josh Stehr, and Thomas Wolner, who are Goodhue County Sheriff's Deputies. Plaintiff also maintains claims against Goodhue County, Minnesota.

Plaintiff alleges the following facts: Plaintiff was serving a prison sentence that was to be complete on February 5, 2008. Plaintiff sent his sister, Wendy Goodman, a letter and thereafter, Ms. Goodman and her husband conspired to and did make false statements to Defendants Albers, Roussell, Badker Stehr, and Wolner (Goodhue County Defendants) that Plaintiff's letter constituted a terroristic threat. The Goodmans and the Goodhue County Defendants conspired amongst themselves and presented Wendy Goodman's statements to the Goodhue County District Court in support of a request for an arrest warrant for Plaintiff. The arrest warrant was issued. Plaintiff was arrested and tried. Wendy Goodman testified at the trial that in his letter Plaintiff threatened to kill her. Plaintiff was convicted of committing terroristic threats and was sentenced to 29 months in prison. Plaintiff appealed his conviction to the Minnesota Court of Appeals, which abdicated his conviction. Plaintiff contends that all Defendants conspired to deprive Plaintiff of his rights and alleges that part of the motive for their actions was to retain jurisdiction over him for the civil commitment proceeding. (*Id.* at § IV ¶ 20.)

The "Third Amended Complaint" [Docket No. 63] does not contain separate counts, which makes Plaintiff's claims difficult to particularize. Nevertheless, this Court recognizes the following claims and no other causes of action:

| | **CAUSE OF ACTION** | **DEFENDANTS** |
|---|---|---|
| 1 | Malicious Prosecution | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 2 | Defamation | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 3 | Misrepresentation | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 4 | Abuse of Process | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers and Goodhue County |
| 5 | False Imprisonment | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 6 | Intentional Infliction of Severe Distress | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 8 | Violation of First Amendment right to freedom of expression | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers and Goodhue County |
| 9 | Violation of Plaintiff's 4th Amendment right against unlawful seizure of Plaintiff's person without probable cause or due process of law | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 10 | Violation of Plaintiff's Fifth and Fourteenth Amendment right to due process | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |

| | | |
|---|---|---|
| 11 | Violation of Plaintiff's Fifth and Fourteenth Amendment right to equal protection | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 12 | Violation of Plaintiff's Eighth Amendment Right to be Free from Cruel and Unusual Punishment | Defendants Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, Dean Albers, and Goodhue County |
| 13 | Negligence | Defendant Goodhue County |

Plaintiff's claims can be grouped into two categories: state claims and § 1983 claims. Plaintiff's claims of malicious prosecution, defamation, misrepresentation/fraud, abuse of process, false imprisonment, intentional infliction of emotional distress, and negligence are all state law claims. Plaintiff's § 1983 claims are embodied within Plaintiff's claims arising out of violations of his First Amendment right to freedom of expression, Fourth Amendment right against unlawful seizure of Plaintiff's person without probable cause or due process of law, Fifth and Fourteenth Amendment rights to due process, Fifth and Fourteenth Amendment rights to equal protection, and Eighth Amendment right to be free from cruel and unusual punishment.

**3. Procedural Posture**

Plaintiff filed his initial Complaint on December 16, 2009. [Docket No. 1.]  Plaintiff filed his (first) Amended Complaint on January 12, 2010. [Docket No. 5.]  On July 6, 2010, Plaintiff filed a Second Amended Complaint. [Docket No. 26.]  This Second Amended Complaint was filed without leave of the Court and was stricken. [Docket No. 48.] On November 1, 2010 the Goodhue Country Defendants filed a motion to dismiss. [Docket No. 57.]  On November 3, 2010, the Court issued an order dismissing some of the claims against the Goodhue County Defendants and all of the claims against other Defendants. [Docket No. 62.] The Court also granted Plaintiff's Motion for Leave to Amend Complaint a Second Time [Docket No. 50] for the limited purpose of substituting the correct name of the Sheriff of Goodhue County. [Docket

No. 62.] Thereafter Plaintiff filed a "Second Amended Complaint" (which was actually the "Third Amended Complaint") naming Dean Albers as a party to this action. [Docket No. 63.] In Plaintiff's "Third Amended Complaint" Plaintiff alleged all of the claims that were previously dismissed. Dean Albers subsequently filed a Joinder in Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner and Goodhue County's Motion to Dismiss. [Docket No. 68.] Plaintiff opposes the present motions to dismiss.

### III.  GOODHUE COUNTY DEFENDANTS' MOTION TO DISMISS [DOCKET NO. 57]

#### 1. Motion to Dismiss by Erin Keuster and Stephen Betcher

The Court previously dismissed with prejudice all claims against Erin Keuster and Stephen Betcher as well as Wendy Goodman, Scott Goodman, Richard Spicer, Thomas Bibus, Kevin Mark, Yvonne Black, Lori Swanson, and Tibor Gallo by Order, dated November 3, 2010. [Docket No. 62]. When Plaintiff filed his "Third Amended Complaint" [Docket No. 63], he reasserted all the claims that were previously dismissed with prejudice in the Court's Order, dated November 3, 2010.  Because Plaintiff reasserted these claims in violation of the Court's November 3, 2010 Order, this Court recommends that all claims in the "Third Amended Complaint" [Docket No. 63] that were previously dismissed by Order, dated November 3, 2010, be stricken.

Therefore, this report and recommendation only addresses the claims asserted against Defendants Albers, Roussell, Badker, Stehr, Wolner, and Goodhue County.

#### 2. Standard of Review

A complaint should be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint that is challenged on a motion to dismiss does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). The court must analyze whether the plaintiff has put forth factual allegations that "raise the right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545, 127 S. Ct. at 1959. While federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

As a general rule, because a motion to dismiss tests the adequacy of the pleadings, no materials beyond the pleadings can be considered in ruling upon the motion to dismiss without altering the motion to one for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(d). But, there are exceptions to this rule. When deciding a motion to dismiss the court may consider, in addition to the pleadings, "materials embraced by the pleadings and materials that are a part of the public record." *See In re K-tel Int'l, Inc. Sec. Litig.*, 300 F. 3d 1881, 889 (8th Cir. 2002) (quotation omitted); *see also Piper Jaffray v. Nat'l Union Fire Insur. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997) (citing *Vizenor v. Babbitt*, 927 F. Supp. 1193, 1198 (D. Minn. 1996)).

3. **Failure To State Claims Upon Which Relief Can Be Granted**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful . . . ." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999) (quotation omitted). "Section 1983 affords a remedy for violations of rights secured by federal statutes and the federal

7

constitution. It does not provide a remedy for any other rights violation." *Thomsen v. Ross*, 368 F. Supp.2d 961, 975 (D. Minn. 2005) (citing *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 2504 (1980)); *see also Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) (stating that "[s]ection 1983 guards and vindicates federal rights alone," which do not include violations of state laws).

Plaintiff has failed to alleged claims upon which relief can be granted under the Fourth Amendment, the Fifth and Fourteenth Amendments, and the Eighth amendment. Therefore, these claims should be dismissed with prejudice.

**Fourth Amendment.** Plaintiff has failed to allege facts to sustain a Fourth Amendment claim. "[T]he Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Baker v. McCollan*, 443 U.S. 137, 142, 99 S. Ct. 2689, 2694 (1979) (citation omitted). Probable cause for arrest and probable cause from pretrial restraint are the same. *Id.*, 443 U.S. at 143, 99 S. Ct. at 2694. "Probable cause for an arrest has been defined to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." *Garske v. U.S.*, 1 F.2d 620, 623 (8th Cir. 1924).

Plaintiff has not alleged any facts that support he was deprived a fair and reliable determination of probable cause prior to his trial on the terroristic threat charge. Plaintiff alleges that based upon Wendy Goodman and her husband's statements and the letter that Plaintiff sent Ms. Goodman, Goodhue County Defendants obtained an arrest warrant for Plaintiff and arrested Plaintiff pursuant to the warrant. "An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988). Plaintiff's bare, unsupported allegations that the Goodman's statements were false and the Goodhue County Defendants

8

conspired with the Goodmans are insufficient to support that the arrest warrant was invalid. Therefore, Plaintiff has failed to assert a Fourth Amendment claim from which relief can be granted.

**Fifth and Fourteenth Amendment.** Plaintiff has failed to allege sufficient facts to sustain a claim under the Fifth and Fourteenth Amendments. First, "[t]he Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Pursuant to Plaintiff's "Third Amended Complaint," the Goodhue County Defendants are *state* actors. Therefore, Plaintiff has not alleged a Fifth Amendment claim upon which relief can be granted.

Second, the Fourteenth Amendment states: "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Plaintiff cannot maintain a due process claim against the Goodhue County Defendants because the actions that form the basis of his due process claim fall under the Fourth Amendment and therefore, are not analyzed as a substantive due process claim. *Cf. Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989). Even if Plaintiff could sustain a substantive due process claim, Plaintiff fails to allege any facts to show that the depravation of his liberty "shocks the conscience" or was reckless. *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L.Ed.2d 1043 (1998); *Wilson v. Lawrence County*, 260 F.3d 946, 956 (8th Cir. 2001).

Finally, "the Equal Protection Clause requires the government treat all similarly situated people alike." *Creason v. City of Washington* 435 F.3d 820, 823 (citing *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.Ed.2d 313 (1985)). The threshold question is whether Plaintiff was "treated differently from others similarly situated." *Johnson v. City of Minneapolis,* 152 F.3d 859, 862 (8th Cir.1998). Plaintiff has neither alleged a recognized classification upon which to base his accusations of differing treatment nor has he

alleged specific disparate treatment. Therefore, Plaintiff has failed to allege sufficient facts to support an Equal Protection claim.

**Eighth Amendment.** Plaintiff has failed to allege sufficient facts to sustain an Eighth Amendment claim. "[T]he *treatment* a prisoner receives in prison and the *conditions* under which he is confined are subject to scrutiny under the Eighth Amendment," *Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480 (1993) (emphasis added), because it is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." *Youngberg v. Romeo,* 457 U.S. 307, 315-316, 102 S.Ct. 2452, 2457-2458 (1982). Here, Plaintiff provides no facts directed to his treatment or the conditions of his incarceration. Therefore, Plaintiff has failed to assert an Eighth Amendment claim from which relief can be granted.

    4. **Immunity of Law Enforcement Officials**

The Goodhue County Defendants are entitled to qualified immunity and official immunity against the § 1983 claims and state law claims, respectively.

**Constitutional Claims.** Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). Under this standard, there is "ample room for mistaken judgments," and "all but the plainly incompetent or those who knowingly violate the law" will be held to enjoy qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S. Ct. 534, 537 (1991) (quotation omitted). "A Rule 12(b)(6) dismissal based on qualified immunity is appropriate when the immunity is established on the face of the complaint." *Dornheim v. Sholes*, 430 F.3d 919, 926 (8th Cir. 2005) (quotation omitted). "To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly

10

established at the time of the deprivation."[1]  *Howard v. Kansas City Police Dept.*, 570 F.3d 984, 988 (8th Cir. 2009).

"'In determining whether the legal right at issue is clearly established, this circuit applies a flexible standard, requiring some, but not precise factual correspondence with precedent, and demanding that officials apply general, well-developed legal principles.'" *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (quoting *J.H.H. v. O'Hara*, 878 F.2d 240, 243 (8th Cir.1989)). "When no controlling precedent holds an ordinance unconstitutional at the time it is applied, the ordinance is presumptively valid." *Fields v. City of Omaha*, 810 F.2d 830, 834 (8th Cir. 1987).

Here, Plaintiff alleges that his First and Fourth Amendments rights were violated because he was prosecuted under Minn. Stat. § 609.713 based upon a letter he wrote to his sister.[2]  The terroristic threat statute prohibits both direct and indirect conduct that is engage in with the purpose to terrorize another, Minn. Stat. § 609.713 subdiv. 1. Minnesota's terroristic threats statute is presumptively valid. *See Snyder v. City of Minneapolis*, 441 N.W.2d 781, 788 (Minn. 1989) ("A statute is presumed constitutional unless it is proven otherwise beyond a reasonable doubt."). *See also* Minn. Stat. § 645.17(3) (2010) ("[T]he legislature does not intend to violate the Constitution of the United States or of this state"); *compare State v. Murphy*, 545 N.W.2d 909, 914–16 (Minn. 1996) (construing Minn. Stat. § 609.713 subdiv. 1 to prohibit both verbal and non-verbal communication that terrorize another) *with Virginia v. Black*, 538 U.S. 343, 363,

---

[1] This two-step procedure in evaluating qualified immunity originated in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001), and is no longer mandatory. *Pearson v. Callahan*, ___ U.S. ___, ___, 129 S. Ct. 808, 818 (2009). Courts now are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances. *Id.*

[2] Plaintiff has not challenged the constitutionality of Minn. Stat. § 609.713.  *See Habiger v. City of Fargo*, 80 F.3d 289, 296 (8th Cir. 1996) (distinguishing a claimed violation of the First Amendment from a challenge to the statute under which the plaintiff was arrested).

123 S. Ct. 1536, 1550 (2003) (stating that the First Amendment does not extend to conduct that "[is] most likely to inspire fear of bodily harm"); *see also Masson v. Slaton* 320, F. Supp. 669, 672–73 (D.C. Ga. 1970) (upholding a terroristic threat statute that is substantially similar to Minnesota's terroristic threat statute against a constitutional challenge).

The Goodhue County Defendants could have believed that their actions were lawful in light of clearly established law and the information available to them. "Under settled law, [officers] are entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest [the Plaintiff]." *Hunter*, 502 U.S. at 228, 112 S. Ct. at 537. The facts in Plaintiff's "Third Amended Complaint" [Docket No. 63] and the public record support that the Goodhue County Defendants acted with probable cause under the authority of a valid state statute regulating threats of violence when they present their warrant application to a neutral magistrate—who found there to be probable cause—and executed the warrant.[3] This Court's review of Plaintiff's "Third Amend Complaint" [Docket No. 63] and the public record supports that there was probable cause that Plaintiff committed the crime of terroristic threats. Thus, even in the absence of a warrant, the Goodhue County Defendants would enjoy qualified immunity.

---

[3] This Court finds analogous support for these conclusions in the Fifth Circuit Court of Appeal's decision in *Barnes v. Madison*, No. 02-50937, 2003 WL 22490383 (5th Cir. Nov. 4, 2003). Plaintiff in *Barnes* sent a letter to the court indicating displeasure regarding a perceived problem with how a traffic ticket was handled. *Id.* at *1–2. The letter included remarks directed to the manner in which she would resist arrest if she was approached by police officers. *Id* at *2. The letter was provided to the authorities and the plaintiff was arrested under Texas' terroristic threats statute. *Id* at *2.
  Thereafter a lawsuit was filed against the law enforcement officials that arrested her, among others, alleging violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id* at *3 n.2. The court in *Barnes* held that the law enforcement officers were entitled to qualified immunity because the statute is question "has not been held unconstitutional by any court, nor does it suffer from obvious facial unconstitutionality," *Id.* at *8, and "[r]easonable officials are therefore entitled to rely upon its validity without subjecting themselves to liability in damages." *Id.* (citing *Vela v. White,* 703 F.2d 147, 152-53 (5th Cir. 1983) (per curiam); *Dittman v. California,* 191 F.3d 1020, 1027 (9th Cir. 1999); *Swanson v. Powers,* 937 F.2d 965, 969 (4th Cir. 1991)).

Therefore, for the reasons set out above, the Goodhue County Defendants are entitled to qualified immunity for the claims asserted under § 1983.

**State Law Claims.** The Goodhue County Defendants are entitled to official immunity for Plaintiff's state law claims. "Federal law [does not supplant] the Minnesota doctrine of official immunity in state law claims. . . . The common law of official immunity retains an independent vitality in state tort actions." *Elwood v. Rice County* 423 N.W.2d 671, 677 (Minn. 1988). In Minnesota, "[t]he official immunity doctrine provides that 'a public official charged by law with duties which call for the exercise of his judgment or discretion is not personally liable to an individual for damages unless he is guilty of a willful or malicious wrong.'" *Id.* (quoting *Susla v. State,* 311 Minn. 166, 175, 247 N.W.2d 907, 912 (1976)). The policy for using probable cause as the touchstone for an exercise of discretion for law enforcement officers has been articulated by the Minnesota Supreme Court when it stated:

> Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. *The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.*

*State v. Harris,* 265 Minn. 260, 265, 121 N.W.2d 327, 331 (1963) (emphasis added in *Harris*);

As a general proposition, law enforcement officers are discretionary officials. *Johnson v. Morris,* 453 N.W.2d 31, 42 (Minn. 1990). "Only when officials act outside the scope of their charged authority can they be deemed to have waived this immunity and be held personally liable for their negligence." *Dorkman v. County of Hennepin*, 637 N.W.2d 286, 296 (Minn. App. 2001), *rev. denied* (Minn. Feb. 28, 2002) (citing *Janklow v. Minn. Bd. of Exam'rs,* 552 N.W.2d

13

711, 715 (Minn. 1996)). Here, the Goodhue County Defendants were acting within the scope of their charged authority to determine if there was sufficient probable cause to arrest and further detain the Plaintiff. The Goodhue County Defendants received a call from the Goodmans, and found Ms. Goodman to be "crying, nervous, frustrated, and upset," *Larson*, 2009 WL 2925658, at *1, when they met with her regarding the letter. Ms. Goodman also stated that "she considered the letter to be a threat to kill her." *Id.* There is nothing in the "Third Amended Complaint" [Docket No. 63] or the public record to suggest that the Goodhue County Defendants were acting outside the scope of their charged authority when they interviewed the Goodmans, presented the warrant to a neutral magistrate, or executed the arrest warrant on the Plaintiff.

Therefore, only a showing of willful or malicious wrong prevents the application of official immunity. In general, "[w]hether or not an officer acted maliciously or willfully is usually a question of fact to be resolved by a jury." *Elwood,* 423 N.W.2d at 679. However, here the Plaintiff has failed to allege facts that demonstrate willful or malicious wrong on the part of the Goodhue County Defendants and instead relies on bare allegations of malice. These bare allegations "without further support [are] not sufficient to create a fact issue on the issue of official immunity." *Frank's Livestock v. City of Wells*, 431 N.W.2d 574, 578 (Minn. Ct. App. 1988). *Cf. Elwood,* 423 N.W.2d at 679 ("While [questions of malicious or willful intent] may raise a fact question for the jury, we find no such genuine issue here."). This Court finds analogous support in a number of cases. *See, e.g.*, *Hill v. Scott* 349 F.3d 1068, 1075 ("[T]he officers . . . had probable cause to believe Hill committed [the act in question]. State law provides official immunity for reasonable acts. . . ." (applying Minnesota law to a false arrest claim)); *Elwood*, 423 N.W.2d at 677–79 (Probable cause existed to enter plaintiff's home, and official immunity should apply because there was no issue of fact regarding whether the officers

14

acted with malicious intent). Therefore, the Goodhue County Sheriff's Office employees are entitled to official immunity for Plaintiff's state law claims.

### 5. **Claims against Goodhue County**

Plaintiff's claims against Defendant Goodhue County fail for at least two reasons. First, Defendant Goodhue County is a municipality and Plaintiff has failed to show a municipal custom or policy from which liability attaches. Second, Goodhue County is entitled to vicarious official immunity for the state law claims.

**Constitutional Claims.** Goodhue County cannot be liable for the § 1983 claims because Plaintiff has not implicated a municipal policy or custom by which he was harmed. "[M]unicipalities do not enjoy immunity from suit-either absolute or qualified-under § 1983. . . . [B]ut it cannot be held liable unless a municipal policy or custom caused the constitutional injury." *Leatherman v. Tarrant County*, 507 U.S. 163, 166, 113 S. Ct. 1160, 1162 (1993); *see also Mettler v. Whitledge*, 165 F.3d 1197 (8th Cir. 1999). In order for a municipal policy or custom to be the cause of the constitutional injury, it must be "the moving force of the constitutional violation." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2038 (1978). Here, even if Plaintiff had successfully alleged a constitutional injury, Plaintiff provides conclusory accusations and makes no reference to a municipal policy or custom that was the moving force of the alleged violation. Therefore, Plaintiff has not alleged § 1983 claims against Goodhue County upon which relief can be granted.

**State Law Claims.** Goodhue County is entitled to vicarious official immunity for the state law claims. As a general matter, municipalities receive the benefit of their employee's immunity. *Pletan v. Gaines*, 494 N.W.2d 38, 42 (Minn. 1992). Only when there is a compelling policy reason, does the court entertain making an exception to vicarious official immunity. *Id.* Here, there is not a compelling policy justification for depriving Goodhue County of vicarious

official immunity and depriving Goodhue County of the immunities enjoyed by the Goodhue County Sherriff's Office employees. Therefore, Goodhue County is protected from the Plaintiff's state law claims by an application of vicarious official immunity.

## IV. DEAN ALBER'S JOINDER OF GOODHUE COUNTY DEFENDANTS' MOTION TO DISMISS [DOCKET NO. 68]

This Court recommends that Dean Albers' Motion be granted for the reasons set forth above.

## V. RECOMMENDATION

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. All re-alleged claims in the "Third Amended Complaint" [Docket No. 63] that were previously dismissed by Order, dated November 3, 2010, be **STRICKEN**;

2. Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, and Goodhue County's Motion to Dismiss [Docket No. 57] be **GRANTED**;

3. Defendant Dean Albers' Joinder in Defendants Stephen Betcher, Erin Kuester, Brian Roussell, Pete Badker, Josh Stehr, Thomas Wolner, and Goodhue County's Motion to Dismiss [Docket No. 68] be **GRANTED**; and

4. All claims be **DISMISSED WITH PREJUDICE**.

Dated:  3/28/11  

s/ Arthur J. Boylan
Arthur J. Boylan
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before      April 12, 2011         .