UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis J. Larson,  Civil No. 09-3600 (PAM/AJB)

    Plaintiff,

v.  **MEMORANDUM AND ORDER**

Brian Roussell, Pete Badker,
Josh Stehr, Thomas Wolner,
County of Goodhue,
Minnesota, and Dean Albers,

    Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated March 28, 2011. The R&R recommended dismissal of all of the claims in the Third Amended Complaint. Plaintiff filed timely objections to the R&R, and Defendants filed a response to those objections. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). For the reasons that follow, the Court adopts the R&R and dismisses Plaintiff's claims with prejudice.

**BACKGROUND**

In the early 1990s, Plaintiff was convicted of criminal sexual conduct involving incidents with girls, including two of Plaintiff's nieces, who were 13 and 15 at the time the incidents first occurred. He was sentenced to 20 years in prison. His release date was to be

February 5, 2008.  In late December 2007, he and his sister, former Defendant Wendy Goodman, had a disagreement and Plaintiff wrote Goodman a letter that she interpreted as a threat to her life.  She called the police, and ultimately Plaintiff was charged with making terroristic threats.  The sheriff's deputies who investigated and prosecuted Mrs. Goodman's charge, and the current Goodhue County Sheriff, are the only individual Defendants remaining in the case.  Plaintiff was convicted of making terroristic threats, but the Minnesota Court of Appeals determined that there was insufficient evidence to support that conviction and thus reversed.  State v. Larson, No. A08-1444, 2009 WL 2925658 (Minn. Ct. App. Sept. 15, 2009).

During the pendency of the terroristic threats charge, Defendant Goodhue County filed a petition to civilly commit Plaintiff.  During his civil commitment hearing, both the examiner for the county and the examiner selected by Plaintiff found that Plaintiff had denied culpability for his conviction and had refused sex-offender treatment during his incarceration.  In re Civil Commitment of Larson, Nos. A09-1188, A08-1486, 2009 WL 1049171, at *1 (Minn. Ct. App. Apr. 21, 2009).  The examiners also noted that Plaintiff "suffers from mental disorders."  Id.  Plaintiff was not released from prison on February 5, 2008, but rather was remanded to the custody of the Minnesota Sex Offender Program, where he remains civilly committed.

Plaintiff believes that his sister and the other Defendants in this action brought the terroristic threats charge as part of a conspiracy to prevent him from being released from prison.  The overturning of his terroristic threats conviction only added fuel to Plaintiff's

conspiracy theory, and he filed this lawsuit three months later.

In November 2010, this Court dismissed with prejudice Plaintiff's claims against most of the Defendants in the case, including his sister and her husband. The Court allowed Plaintiff to amend his Complaint, however, for the limited purpose of naming the proper Sheriff of Goodhue County. Instead of complying with the Court's specific order, Plaintiff took the opportunity to re-allege all of his claims against all of the original Defendants. Because this Court has previously dismissed those claims with prejudice, it will not discuss those claims any further.

**DISCUSSION**

Plaintiff's first objection is that the R&R "recognized" claims but then determined that those claims failed to state a claim on which relief could be granted. Plaintiff contends that the R&R's treatment of the claims is "ludicrous" and accuses the Magistrate Judge of "illogical reasoning." (Obj. at 1.) Because Plaintiff's Third Amended Complaint is difficult to decipher, the Magistrate Judge very properly read the allegations liberally and "recognized" that the Complaint raised certain causes of action. Merely because the R&R found that certain causes of action were alleged, however, does not mean that those causes of action are legally sufficient. Indeed, as the R&R later determined, none of the causes of action in the Third Amended Complaint are legally sufficient. Plaintiff's first objection is without merit.

Plaintiff also contends that his pleadings sufficiently allege that Defendants violated his rights under the U.S. Constitution, and thereby violated 42 U.S.C. § 1983. (Obj. at 2.)

According to Plaintiff, "§ 1983 embraces violations of state laws (tort claims) under the federal court's supplemental jurisdiction pursuant to Title 28 U.S.C. § 1367, if, as is the case here, those state torts were committed simultaneously with the constitutional violations and/or they also constitute violations of the U.S. Constitution." (Id.) While it is true that an act that violates the Constitution may also violate state law, it is not the case that "state torts committed simultaneously with" constitutional violations are illegal under § 1983.

Nor does 28 U.S.C. § 1367 support Plaintiff's theory. In essence, § 1367 provides that federal courts may exercise jurisdiction over state claims when those claims arise out of the same incident giving rise to federal claims. The fact that a court may decide to hear both state and federal claims arising out of the same incident does not, however, mean that the state claims are covered by § 1983. Section 1983 penalizes the infringement of federal constitutional rights by those acting under color of state law. Purely state-law claims, whether arising under tort or contract or statute, that do not implicate the U.S. Constitution simply are not covered by the proscriptions of § 1983.

Plaintiff contends that the R&R did not recommend dismissal of his First Amendment claims. But the R&R specifically found that Defendants are entitled to qualified immunity on both Plaintiff's First and Fourth Amendment claims. (R&R at 12.) This portion of Plaintiff's objections is thus without merit.

Plaintiff next argues that the R&R erred by determining that Defendants did not violate Plaintiff's Fourth Amendment rights. Plaintiff believes that the Minnesota Court of Appeals' reversal of his conviction means that there was not probable cause for his arrest on

4

the terroristic threats charge. But the question whether there was sufficient evidence to believe that Plaintiff was guilty beyond a reasonable doubt is far different from the question whether there was probable cause to pursue the charge against Plaintiff. The fact that the trial court found Plaintiff guilty is almost ipso facto evidence that there was sufficient probable cause to pursue the case. Moreover, the reversal of the conviction was not based on the lack of any evidence, but merely on the Court of Appeals' belief that the evidence was not quite strong enough to believe beyond a reasonable doubt that Plaintiff threatened violence against his sister. That court did not state, or even imply, that the same evidence was not sufficient to support a reasonable belief that Plaintiff violated the terroristic threats statute.

    The crux of Plaintiff's argument is his belief that his sister deliberately mislead the investigators and the investigators in turn failed to properly investigate the claim. Again, however, the fact that a neutral judge evaluated the evidence and determined that probable cause existed to issue a warrant is almost prima facie evidence that there was probable cause to believe Plaintiff committed the crime. In fact, the Court of Appeals noted that Plaintiff himself explained the comment his sister found threatening with reference to the same incident to which his sister referred, an incident in which Plaintiff pulled a knife on his sister after an argument. Larson, 2009 WL 2925658, at * 2. Thus, Plaintiff's own explanation of his comments shows both that his sister's reaction to the letter was not misleading and that there was probable cause to interpret the letter the way she and the investigators did.

    Plaintiff next contends that the R&R erred in dismissing his Fourteenth Amendment

5

claim.  According to Plaintiff, his due process claim is not the same as his Fourth Amendment claim, but rather is a claim that he was denied both procedural and substantive due process by Defendants' "willful and malicious finding of probable cause" to arrest him for the terroristic threats charge.  (Obj. at 4.)  But this Court has determined that there was probable cause to arrest Plaintiff, and thus there is no constitutional violation arising out of that arrest.

Plaintiff also claims that the R&R erred in dismissing his claim under the Equal Protection Clause.  He argues that he has sufficiently stated a "class of one" Equal Protection Clause claim, because he "was treated differently than other people accused of a crime in Goodhue County."  Such a claim requires Plaintiff to allege that Defendants "intentionally treated [him] differently from others who are similarly situated and that no rational basis existed for the difference in treatment."  Mathers v. Wright, — F.3d —, Nos. 10-1241, 10-1242, 2011 WL 1345100, at *4 (8th Cir. Apr. 11, 2011).  Here, Plaintiff has not come forward with any similarly situated individuals nor has he established that anyone was treated differently than he was.

More importantly, however, Plaintiff simply cannot raise a class of one equal protection claim in this situation.  Police "decisions about whom to investigate and how to investigate are matters that necessarily involve discretion."  Flowers v. City of Minneapolis, 558 F.3d 794, 799 (8th Cir. 2009).  In the police investigation context, "the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an

accepted consequence of the discretion granted" police officers. Engquist v. Or. Dep't of Agric., 553 U.S. 591, 603 (2008). Thus, "while a police officer's investigative decisions remain subject to traditional class-based equal protection analysis, they may not be attacked in a class-of-one equal protection claim." Flowers, 558 F.3d at 799-800 (8th Cir. 2009). For that reason alone, Plaintiff's purported class-of-one claim fails.

For his final constitutional claim, Plaintiff contends that "the mere fact that [he] was incarcerated for a crime he did not commit made his treatment and the conditions of his incarceration cruel and unusual" in violation of the Eighth Amendment. (Obj. at 5.) He cites no caselaw for this proposition, and the Court has found none. Imprisonment is simply not per se cruel and unusual punishment in violation of the Eighth Amendment. Nor does the appellate court's reversal of his conviction implicate the propriety of the sentence imposed or the manner in which that sentence was carried out.

However, even if the Eighth Amendment prohibits the incarceration of an individual like Plaintiff whose conviction was subsequently overturned, because Plaintiff was already confined to the sex offender program for reasons unrelated to the terroristic threats charge at the time of his sentencing on that charge, his challenge to the execution of that sentence is moot.

Finally, there can be no doubt that Defendants are entitled to official immunity against Plaintiff's state-law claims.[1] Plaintiff contends that Defendants may not claim this absolute

---

[1] Because the Court concludes that Plaintiff's constitutional claims are meritless, it will not discuss whether Defendants are entitled to qualified immunity on those claims.

immunity because "they are guilty of willfully and maliciously 'determining' there was probable cause when absolutely no crime was committed." (Obj. at 9.) But as discussed at length above, the fact that the Minnesota Court of Appeals overturned Plaintiff's conviction does not mean that there was no probable cause to pursue the charge against him. Indeed, the record of the terroristic threats prosecution establishes without a doubt that there was probable cause not only to investigate, but also to charge Plaintiff with the crime. Plaintiff undoubtedly believes in the conspiracy described in his Third Amended Complaint, but his belief does not make it so. There are no issues of fact regarding whether Defendants were acting within the scope of their discretionary authority, and they are entitled to absolute official immunity from Plaintiff's state-law claims.

**CONCLUSION**

Plaintiff's allegations fail to state any claims on which relief may be granted. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 74) is **ADOPTED**;

2. The re-alleged claims against all previously dismissed Defendants in the Third Amended Complaint (Docket No. 63) are **STRICKEN**;

3. Defendant Dean Albers's Motion to Join Motion to Dismiss (Docket No. 68) is **GRANTED**;

4. Defendants' Motion to Dismiss (Docket No. 57) is **GRANTED**; and

---

However, even if the constitutional claims survived Defendants' Motion, the Court would determine that Defendants were entitled to qualified immunity.

5.   All claims in the Third Amended Complaint are **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Thursday, April 21, 2011</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge